# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff*,

vs.

ELEAZAR MARQUEZ-BENCOMO,

    *Defendant.*

Case No. 13-10134-EFM

## MEMORANDUM AND ORDER

In 2013, Defendant Eleazar Marquez-Bencomo entered a guilty plea to one count of possession of cocaine with intent to distribute, and one count of possession of a firearm in furtherance of a drug trafficking crime. He was sentenced to 120 months in prison. This matter is before the Court on Marquez-Bencomo's motion to vacate sentence pursuant to 28 U.S.C. § 2255. He argues that his sentence should be vacated or reduced in light of the U.S. Supreme Court decision *Johnson v. United States*,[1] which found the "residual clause" of the Armed Career Criminal Act ("ACCA") to be unconstitutionally vague. The Court has carefully reviewed the briefs and the record, including the Presentence Investigation Report ("PSR"). Because the record conclusively shows that Marquez-Bencomo is not entitled to relief, the Court denies his motion to vacate (Doc. 57).

---

[1] 135 S. Ct. 2551 (2015).

## I. Factual and Procedural Background

On December 12, 2013, Marquez-Bencomo entered a plea of guilty to Counts 1 and 2 of the superseding indictment charging a violation of 21 U.S.C. § 841(a)(1) (possession of cocaine with intent to distribute), and 18 U.S.C. § 924(c) (possession of a firearm in furtherance of a drug trafficking crime). In the plea agreement, Marquez-Bencomo acknowledged that for Count 1, the sentence would be a term of imprisonment between 5 and 40 years, and for Count 2, the sentence would be a term of imprisonment between 5 years and life in prison.

Prior to sentencing, the Probation Office prepared a PSR, which provided that Marquez-Bencomo was to be held accountable for possessing with intent to distribute 1.61 kilograms of cocaine. The PSR calculated that his base offense level was 26 under U.S.S.G. § 2D1.1(c)(7). Marquez-Bencomo's offense level was reduced by 2 levels for accepting responsibility for the offense, and reduced 1 additional level for assisting authorities in the investigation or prosecution of his own misconduct. Accordingly, his total offense level was calculated to be 23. There were no criminal history points assessed against Marquez-Bencomo, so he was placed in criminal history category I.

The PSR then provided:

> The minimum term of imprisonment on Count 1 is 5 years and the maximum term is 40 years. 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). The minimum term of imprisonment on Count 2 is five years and the maximum term is life. 18 U.S.C. § 924(c). The term of imprisonment for Count 2 must be imposed consecutively to any other counts.
> . . .
> Based upon a total offense level of 23 and a criminal history category of I, the guideline imprisonment range is 46 months to 57 months. However, the statutorily authorized minimum sentences are greater than the maximum of the applicable guideline range; therefore, the guideline term of imprisonment is 60 months. U.S.S.G. § 5G1.2(b). The guideline sentence for Count 2 is the minimum term of imprisonment required by statute. U.S.S.G. § 2K2.4(b).

On March 13, 2014, the Court adopted the PSR without change.  Accordingly, the Court imposed a sentence of 120 months imprisonment—60 months for each Count to be served consecutively.  Marquez-Bencomo did not file a direct appeal.  On June 28, 2016, Marquez-Bencomo filed this present § 2255 motion to vacate.

## II.     Discussion

In his § 2255 motion, Marquez-Bencomo cites *Johnson*, which found the "residual clause" of the ACCA to be unconstitutionally vague.[2]  There is no need to go into greater detail as *Johnson* is not applicable to the facts of this case.[3]

Marquez-Bencomo contends that he "was convicted of one count of possessing a firearm in relation to a 'crime of violence' in violation of 18 U.S.C. § 924(c)(a)(A)(iii) [sic]." Specifically, his motion states that "the count alleged that the underlying 'crime of violence' for the Section 924(c) charge was armed bank robbery . . . ."[4]  However, in light of *Johnson*, he asserts that his "924(c) conviction categorically fails to qualify as a 'crime of violence.' " Therefore, he believes that he "is now innocent of [the] Section 924(c) offense, and [his] conviction is void."

Contrary to Marquez-Bencomo's assertions, he was not convicted of one count of possessing a firearm in relation to a "crime of violence" in violation of § 924(c).  That provision provides for a minimum five-year sentence if a person uses or carries a firearm "during and in

---

[2] *Id.* at 2563.

[3] *See United States v. Ochoa*, 2016 WL 3881333, at *2 (D. Kan. July 18, 2016) (holding that *Johnson* was inapplicable in case with nearly identical facts to those present in this case).

[4] At the end of Marquez-Bencomo's motion, there are two sentences that read: "THIS IS NOT MEANT TO BE YOUR ACTUAL MOTION IF THIS ISSUE DOESN'T APPLY TO YOU.  PLEASE TAKE IT AND CRAFT THE ARGUMENT THAT FITS YOUR SITUATION."  It appears that Marquez-Bencomo used a form motion and forgot to update it because he has never been convicted of armed bank robbery.

relation to any crime of violence *or drug trafficking crime* . . . ."[5]  Marquez-Bencomo pled guilty to possessing and carrying a firearm in relation to a "drug trafficking crime."  While § 924(c)(1)(A) prohibits possessing and carrying a firearm in relation to a "crime of violence," his conviction did not rely on that portion of the statute.  Accordingly, *Johnson* has no potential impact in this case.[6]

Even if *Johnson* were applicable, there is no relief available to Marquez-Bencomo.  He received the statutory minimum sentence (5 years imprisonment) for both of the counts to which he pled guilty, and the law required that the sentence for the Section 924(c) offense must run consecutive to the possession with the intent to distribute offense.[7]  Because he received the lowest possible sentence he could receive under the law, relief in the form of a sentence modification is not available to him.  Thus, Marquez-Bencomo is not entitled to have his sentence vacated or reduced.

As a final matter, under Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right.[8]  To satisfy this standard, the movant must

---

[5] 18 U.S.C. § 924(c)(1)(A) (emphasis added).

[6] *See United States v. Teague*, 2016 WL 4400069, at *1 (10th Cir. Aug. 17, 2016) ("However, [the prisoner] was actually convicted of possessing a firearm during and in relation to a drug trafficking crime under § 924(c)—not a 'crime of violence.'  Accordingly, even if *Johnson* extends to § 924(c), [the prisoner's] sentence is unaffected and he is not entitled to [relief].").

[7] *See* 21 U.S.C. § 841(b)(1)(B) (providing a minimum sentence of 5 years imprisonment for distributing 5 grams or more of methamphetamine); 18 U.S.C. § 924(c) (providing a minimum sentence of 5 years imprisonment for using or carrying a firearm in relation to a drug trafficking crime, which must be consecutive to any other sentence).

[8] 28 U.S.C. § 2253(c)(2).

demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[9]  For the reasons stated above, the Court finds that Marquez-Bencomo has not satisfied this standard.  The Court therefore denies a certificate of appealability as to its ruling on this motion.

### III.    Conclusion

After carefully reviewing the record, the Court concludes that Marquez-Bencomo is not entitled to have his sentence reduced or vacated.  The record shows that his sentence was properly calculated in the PSR, and the mandatory minimum sentence for both offenses was properly applied.

**IT IS THEREFORE ORDERED** that Marquez-Bencomo's Abridged Motion to Vacate, Set Aside Criminal Conviction and Sentence Pursuant to 28 U.S.C. Section 2255 (Doc. 57) is **DENIED.**

**IT IS FURTHER ORDERED** that a Certificate of Appealability Under Rule 11 is **DENIED.**

**IT IS SO ORDERED**.

Dated this 2nd day of December, 2016.

*[signature]*
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[9] *Saiz v. Ortiz*, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 542 U.S. 274, 282 (2004)).